EXHIBIT  A

RECEIVED

Jesse D. Castillo
1746 E. Oquitoa Dr.
Casa Grande, AZ 85122
(760) 216-1285

*Plaintiff, Pro Per*

2012 SEP 27  AM 8: 47

CITY OF TEMPE
CITY CLERK'S OFFICE

ORIGINAL   *Via process server*
*Debby Craig*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| JESSE CASTILLO, | ) |
| | ) NO. CV2012 - 092831 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **SUMMONS – CITY OF TEMPE** |
| CITY OF TEMPE; | ) |
| TEMPE POLICE DEPARTMENT, a public | ) |
| entity; OFFICER BERMAN of the Tempe | ) |
| Police Department, and JANE DOE BERMAN,) | ) (Tort Non-Motor Vehicle) |
| his wife; OFFICER A. MILLER of the Tempe | ) |
| Police Department, and JANE DOE MILLER, | ) |
| his wife; OFFICER T. BLANK of the Tempe | ) |
| Police Department, and JANE DOE BLANK, | ) |
| his wife; OFFICER M. WARBINGTON of the | ) |
| Tempe Police Department, and JANE DOE | ) |
| WARBINGTON, his wife; SERGEANT | ) |
| BREEN of the Tempe Police Department, and | ) |
| JANE DOE BREEN, his wife; BLACK AND | ) |
| WHITE CORPORATIONS AND | ) |
| PARTNERSHIPS I-X; JOHN AND JANE | ) |
| DOES I-X, | ) |
| | ) |
| Defendants. | ) |
| | ) |

IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
LRS IS SPONSORED BY THE MARICOPA COUNTY
BAR ASSOCIATION.

**THE STATE OF ARIZONA TO:**     **CITY OF TEMPE**
**120 East 5ᵗʰ Street**
**Tempe, Arizona 85281**

   **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the
time applicable, in this action in this Court.  If served within Arizona, you shall appear and

1

defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the date of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. R.C.P. 4; A.R.S. § 20-222, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff. R.C.P. 10(D); A.R.S. § 12-311; R.C.P. 5.

The name and address of the Plaintiff is:

> **Jesse D. Castillo**
> **1746 E. Oquitoa Dr.**
> **Casa Grande, AZ 85122**
> **(760) 216-1285**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

**SIGNED AND SEALED** this date:

JUN - 1 2012

_____
Clerk



By

Deputy Clerk

A. NOYES
DEPUTY CLERK

2

COPY

Jesse D. Castillo
1746 E. Oquitoa Dr.
Casa Grande, AZ 85122
*Plaintiff, Pro Per*

JUN - 1 2012

MICHAEL K. JEANES, CLERK
A. NOYES
DEPUTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

JESSE CASTILLO,

    Plaintiff,

v.

CITY OF TEMPE;
TEMPE POLICE DEPARTMENT, a public
entity; OFFICER BERMAN of the Tempe
Police Department, and JANE DOE BERMAN,
his wife; OFFICER A. MILLER of the Tempe
Police Department, and JANE DOE MILLER,
his wife; OFFICER T. BLANK of the Tempe
Police Department, and JANE DOE BLANK,
his wife; OFFICER M. WARBINGTON of the
Tempe Police Department, and JANE DOE
WARBINGTON, his wife; SERGEANT
BREEN of the Tempe Police Department, and
JANE DOE BREEN, his wife; BLACK AND
WHITE CORPORATIONS AND
PARTNERSHIPS I-X; JOHN AND JANE
DOES I-X,

    Defendants.

NO. CV2012-092831

**DEMAND FOR JURY TRIAL**

(Tort Non-Motor Vehicle)

    Plaintiff, Jesse Castillo and pursuant to Arizona Rule of Civil Procedure 38(b), hereby

demands a trial by jury in the above-entitled matter.

    **DATED** this 1st day of June, 2012

                By_____
                      Jesse Castillo

1



Jesse D. Castillo
1746 E. Oquitoa Dr.
Casa Grande, AZ 85122
*Plaintiff, Pro Per*

JUN – 1 2012

(COURT SEAL)

MICHAEL K. JEANES, CLERK
A. NOYES
DEPUTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

|  |  |
|---|---|
| JESSE CASTILLO, | ) |
| Plaintiff, | ) NO. CV2012-092831 |
| v. | ) |
| CITY OF TEMPE; | ) **CERTIFICATE OF COMPULSORY** |
| TEMPE POLICE DEPARTMENT, a public | ) **ARBITRATION** |
| entity; OFFICER BERMAN of the Tempe | ) |
| Police Department, and JANE DOE BERMAN, | ) |
| his wife; OFFICER A. MILLER of the Tempe | ) (Tort Non-Motor Vehicle) |
| Police Department, and JANE DOE MILLER, | ) |
| his wife; OFFICER T. BLANK of the Tempe | ) |
| Police Department, and JANE DOE BLANK, | ) |
| his wife; OFFICER M. WARBINGTON of the | ) |
| Tempe Police Department, and JANE DOE | ) |
| WARBINGTON, his wife; SERGEANT | ) |
| BREEN of the Tempe Police Department, and | ) |
| JANE DOE BREEN, his wife; BLACK AND | ) |
| WHITE CORPORATIONS AND | ) |
| PARTNERSHIPS I-X; JOHN AND JANE | ) |
| DOES I-X, | ) |
| Defendants. | ) |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable Superior Court, and further certifies that this case **is not subject** to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

1

**DATED** this 1st day of June , 2012

By _____
Jesse Castillo
*Plaintiff Pro per*

2



Jesse D. Castillo
1746 E. Oquitoa Dr.
Casa Grande, AZ 85122

*Plaintiff, Pro Se*

JUN – 1 2012

MICHAEL K. JEANES, CLERK
A. NOYES
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JESSE CASTILLO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF TEMPE; | ) |
| TEMPE POLICE DEPARTMENT, a public | ) |
| entity; OFFICER BERMAN of the Tempe | ) |
| Police Department, and JANE DOE | ) |
| BERMAN, his wife; OFFICER A. MILLER | ) |
| of the Tempe Police Department, and JANE | ) |
| DOE MILLER, his wife; OFFICER T. | ) |
| BLANK of the Tempe Police Department, and | ) |
| JANE DOE BLANK, his wife; OFFICER M. | ) |
| WARBINGTON of the Tempe Police | ) |
| Department, and JANE DOE | ) |
| WARBINGTON, his wife; SERGEANT | ) |
| BREEN of the Tempe Police Department, and | ) |
| JANE DOE BREEN, his wife; BLACK AND | ) |
| WHITE CORPORATIONS AND | ) |
| PARTNERSHIPS I-X; JOHN AND JANE | ) |
| DOES I-X, | ) |
| | ) |
| Defendants. | ) |

NO. CV2012-092831

**COMPLAINT**

(Tort Non-Motor Vehicle)

(Jury Trial Requested)

Plaintiff Jesse Castillo, for his Complaint against Defendants, alleges as follows:

### PARTIES

1.  Plaintiff Jesse Castillo, a resident of the State of Arizona, County of Pinal.

2.  The City of Tempe is a duly incorporated municipal corporation that is legally

1

1   responsible for the acts of the Tempe Police Department, its officers and agents named in this

2   Complaint, and is the employer and principal of the Tempe Defendant Officers named in this

3   Complaint.

4       3.    At all times material to this complaint, the Tempe Defendant Officers named in this

5   complaint were acting under color of State law, ordinance and/or regulation, statutes, custom and

6   usage of the City of Tempe.

7       4.    Officer Berman #20184, (hereinafter Berman), at all times material hereto, was an

8   Officer of the Tempe Police Department.  In his capacity as a Tempe Police Officer, Berman was

9   an officer, employee and agent of the City of Tempe who was acting within the course and scope

10  of his employment at the time of his wrongful conduct. The City of Tempe is vicariously and

11  directly liable for Berman's wrongful conduct.  Berman is personally liable for joining in the

12  assault and battery of Jesse, negligence, recklessness, intentional conduct, punitive conduct,

13  deliberate indifference, and failure to intervene when he observed and joined the unnecessary

14  tasering and beating of Jesse without taking action to stop the aforementioned conduct.  Plaintiff

15  requests leave to amend this complaint once Officer Berman's full name is known.

16      5.    Jane Doe Berman is the spouse of Officer Berman.  Her name is presently unknown

17  and she is being sued under a fictitious name.  Plaintiff requests leave to amend this complaint once

18  Ms. Berman's full name is known.

19      6.    Officer A. Miller #18954 (hereinafter Miller), at all times material hereto, was an

20  Officer of the Tempe Police Department.  In his capacity as a Tempe Police Officer, Miller was an

21  officer, employee and agent of the City of Tempe who was acting within the course and scope of

22  his employment at the time of his wrongful conduct. The City of Tempe is vicariously and directly

23  liable for Miller's wrongful conduct.  Miller is personally liable for joining in the assault and

24  battery of Jesse, negligence, recklessness, intentional conduct, punitive conduct, deliberate

25  indifference, and failure to intervene when he observed and joined the unnecessary tasering and

26  beating of Jesse without acting to stop the aforementioned conduct.  Plaintiff requests leave to

2

1    amend this complaint once Mr. Miller's full name is known.

2       7.    Jane Doe Miller is the spouse of Officer Miller.  Her name is presently unknown and

3    she is being sued under a fictitious name.  Plaintiff requests leave to amend this complaint once

4    Ms. Miller's full name is known.

5       8.    Officer T. Blank #18284 (hereinafter Blank), at all times material hereto, was an

6    Officer of the Tempe Police Department.  In his capacity as a Tempe Police Officer, Blank was an

7    officer, employee and agent of the City of Tempe who was acting within the course and scope of

8    his employment at the time of his wrongful conduct. The City of Tempe is vicariously and directly

9    liable for Blank's wrongful conduct.  Blank is personally liable for joining in the assault and

10    battery of Jesse, negligence, recklessness, intentional conduct, punitive conduct, deliberate

11    indifference, and failure to intervene when he observed and  joined the unnecessary tasering and

12    beating of Jesse without acting to stop it.  Plaintiff requests leave to amend this complaint once

13    Officer Blank's full name is known.

14       9.    Jane Doe Blank is the spouse of Officer Blank.  Her name is presently unknown and

15    she is being sued under a fictitious name.  Plaintiff requests leave to amend this complaint once

16    Ms. Blank's full name is known.

17       10.    Officer M Warbington #16819, (hereinafter Warbington), at all times material hereto,

18    was an Officer of the Tempe Police Department.  In his capacity as a Tempe Police Officer,

19    Warbington was an officer, employee and agent of the City of Tempe who was acting within the

20    course and scope of his employment at the time of his wrongful conduct. The City of Tempe is

21    vicariously and directly liable for Warbington's wrongful conduct.  Warbington is personally liable

22    for his use of excessive force in detaining Jesse, for the assault and battery of Jesse, for negligence,

23    recklessness, intentional conduct, punitive conduct, and deliberate indifference when he assaulted

24    Jesse, participated in tasering and striking him repeatedly while Jesse was pinned to the sidewalk.

25    Plaintiff requests leave to amend this complaint once Officer Warbington's full name is known.

26       11.    Jane Doe Warbington is the spouse of Officer Warbington.  Her name is presently

3

1  unknown and she is being sued under a fictitious name.  Plaintiff requests leave to amend this

2  complaint once Ms. Warbington's full name is known.

3      12.    Sergeant Breen #11569, (hereinafter Breen), at all times material hereto, was an

4  Officer of the Tempe Police Department.  In his capacity as a Tempe Police Sergeant, Breen was

5  an officer, employee and agent of the City of Tempe who was acting within the course and scope

6  of his employment at the time of his wrongful conduct. The City of Tempe is vicariously and

7  directly liable for Breen's wrongful conduct.  Breen is personally liable for his use of excessive

8  force in detaining Jesse, for the assault and battery of Jesse, for negligence, recklessness,

9  intentional conduct, punitive conduct, and deliberate indifference when he assaulted Jesse, tasered

10  and allowed subordinate officers to strike him repeatedly while Jesse was pinned to the sidewalk.

11  Plaintiff requests leave to amend this complaint once Sergeant Breen's full name is known.

12      13.    Jane Doe Breen is the spouse of Sergeant Breen.  Her name is presently unknown and

13  she is being sued under a fictitious name.  Plaintiff requests leave to amend this complaint once

14  Ms. Breen's full name is known.

15      14.    Officer Berman, Officer Miller, Officer Blank, Officer Warbington, and Sergeant

16  Breen collectively, hereinafter are referred to as "Tempe Defendant Officers."

17      15.    Black and White corporations and partnerships I-X are fictitious names designating

18  unknown entities as parties who may have contributed to the injuries and damages in this case.

19  The true names for these Defendants are currently unknown to Plaintiff.  Plaintiff requests leave to

20  amend this complaint once their true names are learned.

21      16.    The Defendants designated herein as John and Jane Does I-X are City of Tempe

22  and/or Tempe Police Department employees, agents, officers or supervisors that were employed on

23  June 5, 2011 and had the responsibility of ensuring Jesse's health, safety, and constitutional rights.

24  The true names for these Defendants are currently unknown to Plaintiff.  Plaintiff requests leave to

25  amend this complaint once the above true names are learned.

26

4

**JURISDICTION AND VENUE**

17.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

18.   This is a civil action arising out of events that Defendants caused to occur in the state of Arizona. Therefore, this court has proper concurrent jurisdiction over this action.

19.   Plaintiff's claims are in an amount necessary for jurisdiction.

20.   On November 21, 2011, Plaintiff filed a proper Notice of Claim, pursuant to A.R.S. §12-821.01, as to all Defendants herein. The claim stated the time, place, cause, nature, extent of Plaintiffs' injuries, and the amount of monetary compensation for which Plaintiff would settle.

21.   The venue is proper in this court.

**GENERAL ALLEGATIONS**

22.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

23.   On or about June 4, 2011, between 10:00 p.m. and 2:30 a.m., Jesse Castillo, Luis Vasquez, Hilario Haro, and Joel Castillo were on Mill Avenue, in Tempe, Arizona.

24.   The group was walking towards Jimmy John's Restaurant, located at 680 S. Mill Ave., Tempe, Arizona, where they intended to purchase food.

25.   As they were walking towards the restaurant, two females, whom they did not know, began making comments to Luis and Jesse.

26.   Subsequently, two males, James Sanciento and Jonathan Huckins, approached Luis and Jesse and asked "what the fuck, you guys trying to talk to our girls?" Luis and Jesse denied flirting with the girls.

27.   Sanciento and Huckins were intoxicated and aggressively approached Luis and Jesse. Sanciento and Huckins attempted to start a fight with Luis and Jesse.

28.   Huckins then threw a close fisted punch at Luis and missed, resulting in Huckins losing his balance and falling to the ground. While Luis was standing over Huckins, not touching

5

him, Huckin's girlfriend, Jennifer Beggs, began to strike Luis on the back of his head. At this time Jesse was not interacting with either Sanciento or Huckins.

29.     On information and belief, Officer Miller, Sergeant Breen, and Officer Berman arrived on the scene while the altercation took place.

30.     On information and belief, Officer Miller, Sergeant Breen, and Officer Berman were from the Tempe Police Department working as uniformed bicycle Officers for the Tempe Police Bike squad on Mill Avenue.

31.     The Tempe Defendant Officers noticed the group in front of Jimmy John's Restaurant and headed toward them where they saw Beggs striking Luis on the back of his head.

32.     On information and belief, Officers Miller and Berman and Sergeant Breen observed the pushing of Jesse and noticed Jennifer Beggs punching Luis on the back of the head.

33.     Jesse had no interaction with Tempe Police and, believing he was free to go, proceeded into Jimmy John's Restaurant to order food.

34.     On information and belief, Officer Warbington and Officer Blank, who are believed to be employed by the City of Tempe, arrived at or around 2:08 a.m. outside of Jimmy John's while Jesse was inside Jimmy John's Restaurant.

35.     On information and belief, Officers Warbington and Blank were instructed by Sergeant Breen to go inside Jimmy John's to seize and bring out Jesse and Luis.

36.     While Jesse was ordering a sandwich, Officer Warbington retrieved Jesse by immediately placing Jesse in a hold, grabbing his arm, and pulling him out of the restaurant.

37.     Outside of the restaurant Officer Warbington questioned Jesse about the incident involving Jennifer Beggs, James Sancineto, and Jonathan Huckins.

38.     When Jesse explained what had happened, the officer responded "Don't lie to me beaner," which was a racially motivated insult to Jesse.

39.     Officer Warbington and Sergeant Breen then attempted to take Jesse to the ground by using a "leg sweep."  At this time Jesse was not attempting to flee, did not pose a danger to any

6

1   individual and there was no threat of violence from Jesse.

2       40.     Officer Warbington and Sergeant Breen were able to get Jesse to the ground which

3   was observed by Officer Berman.

4       41.     Officer Warbington and Sergeant Breen threw Jesse on to the pavement and struck

5   him with a closed fist repeatedly on the face and on the side of his head.

6       42.     While Jesse was on the ground, Sergeant Breen deployed his Taser gun directly into

7   Jesse's abdomen and scrotum area.

8       43.     After tasering Jesse, Sergeant Breen commanded him to move onto his stomach.

9       44.     Jesse could not move on to his stomach because he was still suffering the effects of

10  being tasered and was experiencing head pain from the Officers' attacks.

11      45.     After observing Jesse's lack of movement, Sergeant Breen continued to taser Jesse

12  until he lost control of his bodily fluids, repeatedly commanding Jesse to roll over and deploying

13  the taser again, telling him to "Stop fucking resisting" when Jesse's body could not respond to the

14  command to roll over.

15      46.     Officer Berman joined in the assault, striking Jesse and then grabbing his legs with

16  the assistance of Officer Warbington, causing an immobilized Jesse to forcibly roll onto his

17  stomach.

18      47.     Officer Warbington struck Jesse closed fisted on the face and on the side of the head

19  between seven to nine times.

20      48.     Jesse begged the Tempe Defendant Officers to stop and asked why they were

21  assaulting him, but the Tempe Defendant Officers continued to beat him in front of the crowd that

22  was forming outside the restaurant.

23      49.     After the taser deployments ended, Officers Berman, Miller, Blank, Warbington, and

24  Sergeant Breen all joined in punching, choking, and beating Jesse until Warbington observed that

25  Jesse had lost consciousness with his eyes still open.

26      50.     The Officers had tased Jesse an estimated five to seven times, including once on his

7

1   scrotum area.

2   51.   The tasering, choking and blows to Jesse's face by the Tempe Defendant Officers

3   resulted in an open wound on Jesse's face which began to gush blood.

4   52.   Officer Warbington observed that Jesse was bleeding from his right forehead, his left

5   eye area, and had a large swelling to his left cheek below his eye.

6   53.   Jesse eventually lost consciousness as a result of the prolonged beating and the taser's

7   shock to his body.

8   54.   The Officers' attack lasted approximately 6-10 minutes after which Jesse was told to

9   sit and wait on a curb for an ambulance to arrive.

10   55.   On information and belief, Officer Warbington then helped escort Jesse to the curb.

11   56.   On information and belief, Officer Warbington then informed Jesse of his Miranda

12   rights.

13   57.   While Jesse was sitting on the curb, an officer apologized to Jesse and told him they

14   were not going to arrest him for anything.

15   58.   Jesse was transported from Tempe via PMT ambulance to Scottsdale Osborn

16   Hospital.

17   59.   Jesse was taken straight to the hospital.

18   60.   At the hospital, the doctors intubated Jesse and put him in a medically induced

19   comma to treat his severe injuries.

20   61.   As a result of the Tempe Defendant Officers' assault and battery, Jesse suffered,

21   among other things, a concussion, fractured nose, lacerations to his right eyebrow and lower left

22   eye that required stitches, a popped blood vessel in his left eye, which made the entire sclera of his

23   left eye red, contusions all over his body, and taser burn marks on his abdomen and groin.

24   62.   Jesse also suffered a severe panic attack while being treated at the hospital because he

25   thought the hospital staff were police officers who were still trying to beat him.

26   63.   After the Tempe Defendant Officers' assault and battery of Jesse, Jesse has had

8

trouble seeing out of both eyes and has blurry vision which makes it difficult for him to read without getting a headache.

64. Jesse could not defecate for seven days after the incident, he lost his appetite, and had problems keeping down food.

65. As a result of the incident, Jesse took two weeks off from his employment which resulted in lost wages.

66. Jesse continues to have trouble sleeping since the incident because he often has nightmares that he or the people he cares about are attacked by police officers. Jesse also experiences anger, fear, and mistrust against police officers and he continues to feel humiliation for urinating on himself after the multiple tasering rounds were deployed on him in front of a crowd of 75 to 100 of his peers.

67. Jesse continues to suffer severe anxiety on a daily basis from the physical and emotional trauma he experienced at the hands of the Tempe Defendant Officers and has experienced loss of sleep and loss of appetite as a result of the incident.

68. The City of Tempe, Tempe Police Department, and Tempe Defendant Officers were deliberately indifferent to Jesse's health and wellbeing when they physically came into contact with Jesse and used excessive force to subdue him, even though Jesse complied with the officer's requests and was eventually physically incapable of responding.

69. The Tempe Defendant Officers were subjectively aware of a serious threat of physical injury to Jesse when they beat him repeatedly.

70. On or about June 4, 2011, Officers Warbington, Berman, and Sergeant Breen engaged in an unreasonable seizure of Jesse Castillo. This conduct violated the Fourth Amendment of the United States Constitution.

71. On or about June 4, 2011, Officers Berman, Miller, and Blank failed to intervene in the unreasonable seizure of Jesse and the excessive and unreasonable force commenced against Jesse by Warbington and Breen.

9

72.     On or about June 4, 2011, Jesse did not obstruct justice, resist arrest, make aggressive moves toward and/or batter and/or assault any of the Tempe Defendant Officers.

73.     On or about June 4, 2011, Jesse did not alarm, threaten or pose an immediate threat of harm to surrounding members of the public.

74.     On or about June 4, 2011, Jesse Castillo had not committed an act contrary to the law of the State of Arizona.

75.     The show of force initiated by and/or the failure to intervene in the use of said force by Tempe Defendant Officers caused an unreasonable seizure to Jesse Castillo.

76.     After Jesse was subdued, the Tempe Defendant Officers continued to brutally attack Jesse causing severe physical and mental damage which has caused him to incur medical bills and will require future medical treatment and counseling.

77.     The City of Tempe, Tempe Police Department, and Tempe Defendant Officers were deliberately indifferent to Jesse's health and safety when the Tempe Defendant Officers assaulted Jesse, tasered him five to seven times, and struck him repeatedly with their fists after Jesse had been pinned down by no less than three police officers on a cement sidewalk.

78.     On or about June 4, 2011, Tempe Defendant Officers were on duty at all times material to this Complaint and were duly appointed officers for the City of Tempe.  The Tempe Defendant Officers engaged in the conduct complained of, on said date, in the course and scope of their employment and while on duty.

79.     The conduct by the Tempe Defendant Officers represents numerous civil rights violations, cruel and unusual punishment, excessive force, assault and battery, negligence, gross negligence, negligence per se pursuant to A.R.S. § 13-3881, recklessness, conspiracy, intentional conduct and punitive conduct.

80.     The Tempe Defendant Officers, with a deliberate indifference to a substantial risk of serious harm, and with negligence, gross negligence and recklessness, ignored Jesse's pleas to stop and ignored Jesse's severe physical injuries.

81.     The Tempe Defendant Officers failed to take reasonable measures to provide for Jesse's heath and safety when they initiated the assault and battery on Jesse.

82.     The Tempe Defendant Officers disregarded a substantial and justifiable risk to Jesse's safety by applying unnecessary and unreasonable force against Jesse when he did not exhibit aggression or a threat of harm to the Tempe Defendant Officers or the surrounding public.

83.     The Tempe Defendant Officers were subjectively aware of the harm to Jesse by continuing to tase and beat Jesse about the head.

84.     The Tempe Defendant Officers, were deliberately indifferent to Jesse's right to be free from cruel and unusual punishment, recklessly disregarded a substantial and unjustifiable risk to Jesse's safety by continuing to use force on Jesse after Jesse complied with their commands.

85.     The Tempe Defendant Officers were negligent and grossly negligent in committing common law and statutory breaches of their duty to protect Jesse's health and safety and in failing to intervene in the violation of Jesse's Constitutional rights, failing to exercise the minimum degree of care, skill and due diligence expected of reasonable Tempe Police Officers during their response to the incident leading to the assault and battery of Jesse Castillo on June 5, 2011.

86.     Defendants City of Tempe and Tempe Police Department by and through their Officers, including but not limited to Officers Berman, Miller, Blank, Warbington, and Sergeant Breen, failed to exercise the minimum degree of care, skill and due diligence expected of reasonable Tempe Police Department personnel during the response to the incident which led to the attack on Jesse Castillo on June 5, 2011.

87.     Defendants The City of Tempe and Tempe Police Department, through their above agents and employees, deprived Jesse of his rights as guaranteed by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

88.     As a direct and proximate result of the Tempe Police Officers' actions while acting under the color of state law, Jesse was deprived of his right to be free from cruel and unusual punishment, and thus suffered severe pain and suffering and permanent physical damage in

11

violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution as well as in violation of the Arizona Constitution and various Arizona common law torts, as listed above.

89.     The City of Tempe and Tempe Police Department through its officials, management and employees, and above referenced individuals, were negligent/grossly negligent, reckless, and/or intended to cause harm when, without limiting other acts and behaviors, by:

(1) Failing to follow its policies and procedures for taking Jesse Castillo into custody/detaining him;

(2) Failing to protect Jesse Castillo from risk and harm;

(3) Failing to protect Jesse Castillo's civil rights;

(4) Failing to have the appropriate policies and procedures in place to prevent violations of Jesse Castillo's Constitutional rights.

(5) Showing a deliberate indifference towards a substantial risk to Jesse Castillo's health and safety; and

(6) Showing a deliberate indifference towards Jesse Castillo's civil rights by using excessive force.

(7) Showing a deliberate indifference towards Jesse Castillo by administering cruel and unusual punishment.

## COUNT I

(Title 42, U.S.C. § 1983, Excessive Force, Failure to Intervene)

90.     All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

91.     The actions, and/or the Failure to intervene in the actions of the Tempe Defendant Officers amounted to an excessive use of force onto Jesse Castillo.  This conduct violates the Fourth Amendment of the United States Constitution.

92.     The aforementioned actions of the Tempe Defendant Officers were the direct and

12

1  proximate cause of the constitutional violations set forth above.

2      93.   Jesse suffered severe injuries as a result of Defendants' wrongful acts.

3      94.   As a direct and proximate result of Defendants' wrongful conduct, Jesse Castillo has

4  suffered damages including but not limited to a concussion, fractured nose, lacerations to the right

5  eyebrow and lower left eye requiring stitches, a popped blood vessel in his left eye, contusions and

6  burns all over his body, extreme pain and suffering, and mental anguish.

7      95.   Jesse received substantial injuries as a result of Defendants' acts and omissions.

8      96.   As a direct and proximate result of Defendants' wrongful conduct, Jesse has suffered

9  serious injuries and continues to suffer mental and physical damage caused by Defendants' attack.

10     97.   Defendants' wrongful conduct under the color of State law violated Jesse's civil

11 rights pursuant to the Eighth Amendment of the United States Constitution, by denying Jesse his

12 right to humane treatment.

13     98.   Defendants' wrongful conduct under the color of State law violated Jesse's civil

14 rights pursuant to the United States Constitution Article Four, Section Two, by denying Jesse his

15 privileges and immunities for which all citizens of the United States are entitled.

16     99.   Defendants' wrongful conduct, under the color of State law, violated Jesse's civil

17 rights pursuant to the Fourteenth Amendment of the United States Constitution, by denying Jesse

18 the privileges or immunities that all citizens of the United States are entitled to, denying Jesse due

19 process of law and denying him equal protection of the law when the Tempe Defendant Officers

20 unreasonably applied malicious and sadistic force to cause Jesse harm.

21     100.  Defendants with a deliberate indifference to Jesse's health and welfare after

22 continuing the battery on Jesse after did not exhibit any aggression toward the officers and was

23 rendered defenseless by tasers and handcuffs, posing no threat to the public or the officers who

24 assaulted him.

25     101.  Defendant Officers Berman, Miller, and Blank, by joining in the unprovoked beating

26 of Jesse Castillo that occurred in their presence, had a duty to intervene and were in a position to

13

1  intervene to prevent further harm to Jesse Castillo.

2       102.   Defendant Officers Berman, Miller, and Blank failed to intervene when they were

3  alerted to the need to protect Jesse from further Constitutional violations occurring in their

4  presence, but instead joined in the unprovoked beating rather than stopping it.

5       103.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has

6  suffered physical injuries and will continue to suffer from his physical injuries as well as pain,

7  grief, sorrow, anguish, stress, shock and mental suffering.

8       104.   Defendants' wrongful conduct justifies an award of punitive damages in this cause of

9  action.

10      105.   Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorney's fees

11  regarding the causes of action alleged under the Constitution and laws of the United States.

12                                   **COUNT II**

13                                 (Conspiracy)

14      106.   All allegations contained in the preceding paragraphs of this Complaint are

15  incorporated herein by reference.

16      107.   Some or of all of Tempe Defendant Officers conspired to cause damage to Jesse

17  Castillo by: using excessive force and/or failing to intervene in the use of excessive force against

18  Jesse Castillo; agreeing not to report each other after witnessing the conduct and or using excessive

19  force relative to Jesse Castillo.

20                                  **COUNT III**

21                  (Title 42, U.S.C. § 1983, Equal Protection – Class of One)

22      108.   All allegations contained in the preceding paragraphs of this Complaint are

23  incorporated herein by reference.

24      109.   The actions of the Tempe Defendant Officers violated the Equal Protection Clause to

25  the United States Constitution.

26      110.   The above mentioned actions of Tempe Defendant Officers were the direct and

                                        14

1  proximate cause of the Constitutional violations set forth above.

2      111.   The above mentioned acts demonstrate that Tempe Defendant Officers failed in their

3  duty to enforce the laws equally and fairly towards Jesse Castillo, thereby violating the Equal

4  Protection Clause of the Fourteenth Amendment to the United States Constitution.

5      112.   With regard to Jesse's Equal Protection claim, he is a "Class of One."  In that regard,

6  Jesse was treated with ill will and/or discriminated against with no rational basis.  Jesse was

7  intentionally treated differently on the basis of race when he received a beating for his alleged

8  involvement in the incident involving Mr. Sanciento for which Mr. Sanciento was the known

9  instigator and was released without any suspicion or restraint by the Tempe Defendant Officers.

10  Jesse endured racial epithets such as being called a "beaner" and Jesse was not treated like other

11  similarly situated individuals who were involved in the same incident with police officers but were

12  not victims of police misconduct.

**COUNT IV**

(Respondeat Superior Against City of Tempe & Tempe Police Department)

113.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

114.   The aforementioned acts of Tempe Defendant Officers were in the scope of their employment and therefore the Defendant City of Tempe and Tempe Police Department, as principal defendants, are liable for the actions of their agents under the doctrine of Respondeat Superior pursuant to Arizona Law.

**COUNT V**

(Assault & Battery)

115.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

116.   The Tempe Defendant Officers struck Plaintiff intentionally, without consent, and without justification.

15

117.   The Tempe Defendant Officers conduct was in violation of Arizona Law.

118.   The aforementioned actions of the Tempe Defendant Officers were the direct and proximate cause of the violations set forth above.

119.   Defendants assaulted Jesse Castillo when they used force against Jesse without Jesse's provocation or resistance by attempting to take Jesse to the ground by using a "leg sweep," by tackling him to the ground, pushing his head into the cement sidewalk, excessively tasing Jesse in his groin and abdomen several times, and then by delivering repeated blows to Jesse's face while he was restrained on the ground and pleading for the officers to stop.

120.   Defendants intended to cause Jesse harm when they repeatedly punched Jesse's face after Jesse was incapacitated by being tased multiple times causing multiple serious injuries to Jesse's face and body.

121.   Defendants actually caused the harmful and offensive contact with Jesse by slamming his face into the cement sidewalk, by using a "leg sweep," by tackling him to the ground, pushing his head into the cement sidewalk, excessively tasing Jesse in his groin and abdomen, and then by delivering repeated blows to Jesse's face while he was restrained on the ground.

122.   Because of Defendants' harmful contact with Jesse, he has suffered damages including but not limited to a concussion, fractured nose, lacerations to the right eyebrow and lower left eye requiring stitches, a popped blood vessel in his left eye, contusions and burns all over his body, continued pain, grief, sorrow, anguish, stress, shock and mental suffering as a result of the attack by Tempe Defendant Officers.

## COUNT VI

(Negligence, Gross Negligence, & Recklessness)

123.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

124.   In committing the common law and statutory breaches, as described above, Defendant City of Tempe and Tempe Police Department by and through its Officers, including but

16

1 │ not limited to the above-named individual Defendants, failed to exercise the minimum degree of

2 │ care, skill and diligence expected of reasonable Tempe Police Department personnel during the

3 │ response to the incident which led to the attack on Jesse Castillo on June 5, 2011.

4 │      125.  As a direct and proximate result of Defendants' negligence as set forth herein, Jesse

5 │ claims to have suffered the following injuries and damages:  Reasonable expenses of necessary

6 │ past and future medical care, treatment and services rendered in the treatment of Jesse's damage to

7 │ his fractured nose, concussion, lacerations to his right eyebrow and lower left eye requiring

8 │ stitches, popped blood vessel in his eye, and bruises and burn marks all over his body; mental

9 │ health treatment; loss of sleep, loss of appetite, and loss of enjoyment of life.

10 │      126.  Defendants City of Tempe and Tempe Police department by and through their

11 │ supervisors, officers, agents and employees, including but not limited to the above-named

12 │ individual Defendants, are liable for the brutal assault of Jesse.  As a result of Defendants'

13 │ wrongful acts Plaintiff has suffered the following injuries and damages: Psychological and

14 │ emotional damages, shock and grief as a result of the acts of the assault inflicted upon Jesse,

15 │ resulting in serious personal injuries and emotional suffering; and past and future medical expenses

16 │ including counseling services.

17 │      127.  Loss of earnings and other incidental damages as a result of Plaintiffs injuries and

18 │ treatment of injuries which required his absence from work for two weeks while his injuries healed.

19 │      128.  Defendants City of Tempe and Tempe Police Department, by and through their

20 │ supervisors, officers, agents and employees, including but not limited to the above-named

21 │ Defendants, owed common law, Constitutional and statutory duties to Jesse.

22 │      129.  Defendants breached their common law and statutory duties by acting with a

23 │ conscious indifference and/or gross disregard for the safety, protection and welfare of Jesse, all

24 │ amounting to Defendants' recklessness and gross negligence.

25 │      130.  As a direct and proximate result of Defendants' recklessness and gross negligence

26 │ Jesse claims to have suffered the following injuries:

a)      Reasonable expenses of necessary past and future medical care, treatment and services rendered in the attempts repair Jesse's damage to his fractured nose, concussion, lacerations to his right eyebrow and lower left eye requiring stitches, popped blood vessel in his eye, and bruises and burn marks all over his body.

b)      Loss of earnings and other incidental damages as a result of the injury.

c)      Loss of enjoyment of life.

### COUNT VII

(Negligence Per Se)

131.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

132.   Defendants Berman, Miller, Blank, Warbington, and Breen's actions are subject to the duty imposed by A.R.S. § 13-3881 prohibiting use of force that is unnecessary and unreasonable when making an arrest and allowing no greater restraint than necessary for detaining an arrestee.

133.   At the time Defendants Berman, Miller, Blank, Warbington, and Breen assaulted Jesse, he had submitted to the custody of the officers who made his arrest.

134.   The force and restraint used against Jesse, including a "leg sweep," repeated punches to the face by at least four police officers, and five to seven taser shocks, was unnecessary and unreasonable to detain Jesse.

135.   The Tempe Defendant Officers had no legal reason to detain Jesse as he had not been a part of any violence in the incident involving Sanciento and Huckins.

136.   Because Jesse submitted to the custody of the Tempe Police Officers by not exhibiting violent behavior and not provoking the officers or the public with the threat of violence, the force used against Jesse by Officers Berman, Miller, Blank, Warbington, and Breen was unnecessary and unreasonable.

137.   As a result of the unnecessary and unreasonable force used against him, Jesse

18

suffered physical and emotional damages in the form of a concussion, fractured nose, lacerations to the right eyebrow and lower left eye requiring stitches, a popped blood vessel in his left eye, contusions and burns all over his body, continued pain, grief, sorrow, anguish, stress, shock and mental suffering.

### COUNT VIII

(Intentional Infliction of Emotional Distress)

138.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

139.   In committing the common law and statutory breaches, as described above, Defendants City of Tempe and Tempe Police Department by and through their supervisors, officers, agents and employees, including but not limited to the above-named individual Defendants, committed conduct that was outrageous.

140.   Defendants Berman, Miller, Blank, Warbington, and Breen brutally assaulted Jesse.

141.   Defendants Berman, Miller, Blank, Warbington, and Breen intentionally caused Jesse's severe emotional distress as exhibited by their use of racial epithets such as "beaner."

142.   Defendants' wrongful conduct, including but not limited to Defendant's conduct in the assault and battery of Jesse as well as the deliberate indifference to Jesse's right to be free from cruel and unusual punishment, was intentional, or at the very least Defendants' recklessly disregarded that Plaintiff would suffer severe emotional distress as a result of Defendants' wrongful conduct which was the cause of Plaintiff's severe emotional distress.

143.   Plaintiff has suffered actual physical injury and other physical symptoms as a result of the severe emotional distress intentionally inflicted upon him by Defendants.

### COUNT IX

(Negligent Infliction of Emotional Distress)

144.   All allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference.

19

145.   Defendants Berman, Miller, Blank, Warbington, and Breen's actions in Jesse's assault and battery caused Jesse emotional distress.

146.   In addition to the injuries sustained directly from the assault and battery, Jesse experiences mental anguish manifested as nightmares, loss of sleep, constant headaches, vomiting, and loss of appetite.

## **PUNITIVE DAMAGES**

147.   Individual Defendants named herein acted with an evil mind.

148.   Defendants intended to cause injury to Plaintiffs.

149.   Defendants' wrongful conduct as stated herein was motivated by spite or ill will.

150.   Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Jesse.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.   For damages in an amount to compensate him fairly and fully for the numerous violations of Jesse Castillo's Constitutional Rights;

B.   General damages in an amount to be determined at trial;

C.   Punitive damages in an amount deemed just and reasonable against those Defendants as alleged herein;

D.   Medical expenses past and future that were/will be incurred as a result of Defendants' wrongful conduct;

E.   Attorneys fees;

F.   That the costs of this action be assessed against Defendants and in favor of Plaintiff; and

G.   Any other and further relief that this Court deems just and proper.

///

///

20

**RESPECTFULLY SUBMITTED** this 1st day of June, 2012.

By _____
Jesse D. Castillo
*Plaintiff, Pro Se*

21